UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CORDEYAIR BROWN                                                                        PETITIONER

V.                                                              CIVIL ACTION NO. 3:24-CV-492-DPJ-ASH

WARD CALHOUN                                                                         RESPONDENT

REPORT AND RECOMMENDATION

Cordeyair Brown is a pretrial detainee being held in the Lauderdale County Detention facility in Meridian Mississippi. Brown filed this petition, pro se, for a writ of habeas corpus under 28 U.S.C. § 2241. Defendant Ward Calhoun responded by moving to dismiss the petition, asserting that Brown has failed to state a cognizable claim and that his claims are unexhausted. As explained below, the undersigned recommends that Respondent's motion be granted and this matter dismissed with prejudice as to Brown's claims that he was denied a timely initial appearance and received ineffective assistance of counsel. The undersigned also recommends that Brown's request for an evidentiary hearing be denied. To the extent Brown seeks to enforce his right to a speedy trial, the undersigned recommends that claim be dismissed without prejudice for failure to exhaust.

I.      Facts and Procedural History

Brown has been in custody since April 28, 2022. Mot to Dismiss [11] at 4. Brown was first indicted on January 12, 2023. State Ct. R. Vol. I [10-1] at 7. This indictment contains six counts: shooting into a dwelling, aggravated assault (three counts), shooting into a vehicle, and drive-by shooting. *Id.* at 6. Brown was again indicted on April 5, 2023. State Ct. R. Vol. II [10-2] at 7. This indictment charges Brown with two counts of first-degree murder. *Id.* at 6.

While detained but prior to being indicted in either of his two pending cases, Brown filed a state court petition for a writ of habeas corpus. State Ct. R. Vol. III [10-3] at 9. In his state petition, Brown alleged that there was no probable cause to detain him, and that he had unreasonably been denied bond. *Id.* at 9–10. The state filed an answer asserting that there was probable cause to detain Brown, and that the Mississippi court's denial of bond had been appropriate. *Id.* at 17–18. The state court ultimately held Brown's petition to be moot in light of the January 12, 2023 indictment. *Id.* at 46–47. Brown did not appeal this decision.

Since Brown was first indicted in January 2023, his attorney has moved for and been granted several continuances in each of his two pending cases. Brown signed the January 18, 2024 continuance order and initialed to indicate the waiver of his speedy trial right. Ex. Q [11-17]. He "refused to sign" many others. *See, e.g.*, Ex. S [11-19]; Ex. X [11-24]; Ex. 2 to Suppl. [12-2]; Ex. 2 to 2d Suppl. [14-2]. Brown's trial is now scheduled for January 26, 2026. Ex. 2 to 2d Suppl. [14-2].

In his federal habeas petition, Brown appears to allege violations of his due process rights, speedy trial right, and right to counsel. Pet. [1] at 6. He requests the Court to conduct an evidentiary hearing, presumably to examine the state court record and to take additional evidence as needed, though the precise reason is unclear. *Id.* at 7. Respondent answered by filing a motion to dismiss. Mot. [11]. Brown did not respond to the motion, and the time to do so has now expired.

II.     Analysis

     A.     Brown's Constitutional Defenses

Habeas relief is available under § 2241(c)(3) for a prisoner "in custody in violation of the Constitution or laws or treaties of the United States," including a pretrial detainee. *See Dickerson*

*v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions such as Dickerson's [pre-trial challenges to state charges] are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [them.]"). But "[a] pretrial detainee is not permitted to derail 'a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Graham v. Sollie*, No. 3:21-CV-379-DPJ-FKB, 2021 WL 5411549, at *1 (S.D. Miss. Oct. 22, 2021) (quoting *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493 (1973)). Thus, for example, a pretrial detainee "may not seek dismissal of state charges and release based upon his right to a speedy trial." *Id.* (citing *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976)).

On the other hand, where "special circumstances" are present, federal habeas corpus may lie "to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489. "'Special circumstances' are those on which a 'federal court cannot await a final ruling by [a] state court[], because the integrity of a federal right is threatened.'" *Wilson v. Washington County*, No. 4:20-CV-158-DMB-DAS, 2021 WL 4497493, at *2 (N.D. Miss. Sept. 30, 2021) (quoting *Vassar-El v. Orleans Par. Prison*, No. 18-838, 2018 WL 4462544, at *2 (E.D. La. Sept. 18, 2018)) (alterations in original). Special circumstances are present where

> (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) . . . other "extraordinary circumstances" threaten "irreparable loss [that] is both great and immediate."

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (quoting *Younger v. Harris*, 401 U.S. 37, 45, 53–54 (1971)) (alteration in original); *see Portis v. Sollie*, No. 3:20-CV-316-TSL-RPM, 2021

3

WL 908214, at *2–3 (S.D. Miss. Jan. 20, 2021) (finding three situations spelled out in *Gates* "applicable in the federal habeas context").

Brown has not shown that special circumstances exist here. In fact, as to Brown's first ground alleging that he was denied a timely initial appearance following his arrest, it is contradicted by the record. He in fact had an initial appearance before a municipal court judge after both arrests. For the first arrest, that initial appearance occurred on the same day warrants for his arrest were issued. Ex. A [11-1] (arrest warrants dated June 21, 2021); Ex. B [11-2] (initial appearance order dated June 21, 2021). For the second arrest, it was the day following the issuance of his arrest warrants. Ex. E [11-5] (arrest warrants dated April 28, 2022); Ex. F [11-6] (initial appearance order dated April 29, 2022).

As to his second ground alleging that he has received ineffective assistance of counsel, Brown does not provide any evidence or argument beyond his wholly unsupported allegation that "counsel act [sic] like he works for the prosecution team." Pet. [1] at 6; *see also* Ltr. [13] at 1 (suggesting his attorney his not been diligent in pursuing plea negotiations, securing a speedy trial, or filing a motion to dismiss as requested by Brown). Brown's assertions fall well short of establishing an "extraordinary circumstance" that threatens imminent "irreparable loss." *See Poling v. Texas*, 3:24-CV-494-D-BK, 2024 WL 2741931, at *2 (N.D. Tex. April 11, 2024) (recommending dismissal of a pretrial petitioner's § 2241 petition in part because petitioner's "dissatisfaction with the performance of his [] attorney d[id] not rise to extraordinary circumstances"), *report and recommendation adopted*, 2024 WL 2734976, at *1 (N.D. Tex. May 28, 2024).

Brown also has not shown (and does not contend) that he is being prosecuted in bad faith or for purposes of harassment, nor has he pointed to any other basis that would allow the Court

4

to entertain his constitutional defenses during the pendency of his state proceedings. Thus, as to Brown's claims concerning denial of a timely initial appearance and ineffective assistance of counsel, relief is unavailable under § 2241. Additionally, because the record alone is sufficient for the Court to dispose of this matter, Brown's request for an evidentiary hearing is also denied. *See United States v. Tubwell*, 37 F.3d 175, 179 (5th Cir. 1994) ("An evidentiary hearing is not required if the record is complete or the petitioner raises only legal claims that can be resolved without the presentation of additional evidence."). The undersigned therefore recommends these claims be dismissed with prejudice.

      B.      Request to Enforce Speedy Trial Rights

Although Brown's intentions are not entirely clear, the undersigned liberally construes his response to the Court's Order [3] as a request for this Court to enforce his right to a speedy trial. Resp. [4] at 1 ("I have been in the custody of Lauderdale County for 2 years and 8 months. . . . It has been unnecessary delay"); *United States v. Villarreal*, 87 F.4th 689, 693 (5th Cir. 2023) (noting that "[p]ro se habeas corpus petitions must be construed liberally" (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989))). And while a speedy-trial claim that seeks an order requiring the state to bring a petitioner to trial is cognizable under § 2241, it must first be properly exhausted in state court. *See Black v. Gonzales*, No. H-23-438, 2023 WL 2188722, at *1 (S.D. Tex. Feb. 23, 2023) (citing *Dickerson*, 816 F.2d at 224) (explaining a federal habeas court may enforce a petitioner's right to a speedy-trial); *Lincoln v. Texas*, No. 3:22-CV-1591, 2022 WL 16579326, at *1 (N.D. Tex. Aug. 29, 2022) ("[A] state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief.").

Nothing in the record suggests that Brown has presented a claim based on his speedy-trial right to the Mississippi Supreme Court either through an appeal or petition for mandamus. *See*

State Ct. R. Vol I [10-1] (reflecting no motion for speedy trial or notice of appeal); State Ct. R. Vol. II [10-2] (same); Respondent's Suppl. [12] at 4 (asserting that a search of the Mississippi Supreme Court's general docket produces no record of any petition or appeal by Brown); Mot. to Dismiss [11] at 17 (same).[1] Nor has Brown responded to Respondent's motion to dismiss disputing this. Indeed, Brown indicates in his petition that he has *not* exhausted this claim. Pet. [1] at 5. This claim should therefore be dismissed without prejudice for lack of exhaustion.

III.    Conclusion and Recommendation

The Court has considered all arguments. Any not directly addressed would not have changed the outcome. For the foregoing reasons, the undersigned recommends that the Court grant Respondent's motion to dismiss, dismissing with prejudice any claims seeking an evidentiary hearing and without prejudice any claim to enforce Brown's right to a speedy trial for failure to exhaust.

IV.    Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[2] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions,

---

[1] A search of the Mississippi Supreme Court's general docket shows that Brown still has not presented a habeas petition in that court.

[2] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 2nd day of January, 2026.

s/ *Andrew S. Harris*<br>UNITED STATES MAGISTRATE JUDGE